LOUIS LEVIN, APPELLANT, v. JOHN T. COSGROVE AND
BROTHERHOOD OF PAINTERS, DECORATORS AND
PAPERHANGERS OF AMERICA, No. 59, APPELLEES.

Submitted July 5, 1907—Decided November 11, 1907.

1. The constitution of the Brotherhood of Painters providing that
the initiation fee paid by an applicant for membership must
accompany the application and be returned in case the applicant
is rejected, with a proviso that if the fee is paid in installments
while the applicant is "working at the trade and receiving the
protection of the brotherhood" such payments shall be forfeited
to the brotherhood if the applicant has made any false statements
or is unable to qualify as a member, and there being evidence
tending to show a custom of the brotherhood not to permit its
members to work with men who were not members—*Held,* that
evidence that an applicant, pending his application, worked at the
trade together with members of the brotherhood did not show that
plaintiff was "receiving the protection of the brotherhood" within
the meaning of the constitution.
2. Plaintiff's right to seek and gain employment in his lawful occu-
pation was a right secured to him by the constitution of this
state. The fact that the brotherhood, having no right to interfere
with him, did not interfere cannot be construed as "protection"
extended by the brotherhood to him, nor was it in a legal sense a
benefit to him.
3. An applicant for membership in a trade union stated in his appli-
cation that he was able to command the average wages in his
locality. *Held,* not to amount to a representation with respect to
an existing state of facts, except that it was equivalent to an
assertion that he believed himself able to command the average
wages, and that in order to forfeit money paid by the applicant
on the ground of the falsity of this statement it was necessary to
show that he did not reasonably believe that he was able to com-
mand the average wages.

On appeal from Elizabeth District Court.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellant, *John J. Stamler.*

For the appellees, *Timothy M. Kelly.*

The opinion of the court was delivered by

PITNEY, J.   Plaintiff sued to recover $25, which was paid by him through the defendant Cosgrove to the defendant the local union of the Brotherhood of Painters, &c., of the city of Elizabeth, by way of initiation fee upon the plaintiff applying to become a member of the union.   The District Court judge rendered judgment in favor of the defendants.

Plaintiff's application was in writing, under date June 29th, 1906, and contained what we construe as a submission to the constitution of the brotherhood and any and all sections thereof relating to the admission of members.   It also contained an agreement on his part "that if any of the answers or information given by me in response to the questions in this application are false, or upon my failure to present myself for initiation in accordance with the provisions of said constitution, amendments and by-laws, the Brotherhood of Painters, Decorators and Paperhangers of America may, at its option, forfeit any and all sums of money by me paid in pursuance thereof."   The application mentioned $25 as the amount of the initiation fee, and expressed that the application was made "with accompanying fee."   It appears, however, that this fee was paid by plaintiff in installments on July 10th, July 17th, August 28th and September 11th, following the date of the application.

Between the date of the application and September 25th plaintiff was examined by a committee of the local union, who, on the latter date, recommended that he be rejected, and this course was adopted by the union.

The only qualifications for membership in the brotherhood are those found in sections 1, 19, 20 and 23 of the constitution, which are in evidence, and section 20 is qualified by the provisions of section 28, which is not in evidence.

Section 1 declares that the brotherhood shall have jurisdiction over all painters and persons engaged in the occupation of applying or removing paints, &c.

Section 19 provides that any person desiring to become a member must fill out and sign an application, and that "the initiation fee, or such part thereof as may be required by the

local union, must accompany the application, and be returned in case the applicant is rejected; provided, however, that if the initiation fee is paid in installments while the applicant is working at the trade and receiving the protection of the brotherhood, such payments shall be forfeited to the brotherhood if the applicant has made any false statements, or is unable to qualify as a member."

Section 20 provides as follows: "Any person to be admitted to membership in this brotherhood must follow one of the branches of our trade as enumerated in this constitution, and (except as provided in section 28) be competent to command the minimum wages established by the local union or district council of the district in which he applies for membership."

Section 23 provides that each candidate must be interviewed by a committee of three, who shall examine into his character, experience, competency, health and other qualifications for membership.

The case shows that plaintiff paid the $25 to the local union in consideration of his proposed admission to membership and in view of the provisions of the constitution relating thereto. Having been denied admission, he is entitled to recover the money either upon an implied *assumpsit,* as for failure of consideration, or upon the express contract contained in section 19 of the constitution, unless his right thereto is forfeited under the terms of section 19 or of his written application.

Evidence was admitted for the defendants, over objection by the plaintiff, that, if admissible, tends legitimately to show that upon being examined by the committee the plaintiff did not display sufficient skill in his trade to make him, in their opinion, a desirable member of the brotherhood, and that the committee recommended his rejection because they thought he did not know enough about painting to belong to the union, and could not command the prevailing minimum wages demanded by union men. But in order to justify the union in retaining the money he had paid, it was necessary to

show something more than that his application for membership was rejected on reasonable grounds.

By the terms of section 19 of the constitution the initiation fee was to be returned in case of his rejection, with this proviso, that if the fee were paid in installments (as it was), and if it were paid while plaintiff was working at the trade and receiving the protection of the brotherhood, the payments were to be forfeited, if either (*a*) plaintiff had made any false statements, or (*b*) was unable to qualify as a member. The "statements" here referred to are clearly those that are contained in the application for membership mentioned in the earlier part of the same section. The inability to qualify as a member is a failure to measure up to the standard of membership established by the constitution.

The case shows that while the plaintiff was making payments of the installments of initiation fee he was at the same time working at his trade as a painter. But was he "receiving the protection of the brotherhood" within the meaning of section 19 of the constitution? There is nothing to show that this phrase is to be interpreted in any derived or secondary sense, or in any other than its ordinary signification. There was evidence tending to show a custom of the brotherhood not to permit its members to work with men who were not members, and there was evidence that while plaintiff's application for membership was pending he was seen working with members of the brotherhood. It is argued that this shows that plaintiff was "receiving the protection of the brotherhood." We are unable to accept this view. Whatever right the brotherhood may have had to exert its discipline for the purpose of preventing its members from working with non-union men (nothing of the sort appears in those portions of the constitution that were introduced in evidence), it had no right to prohibit the plaintiff, or any other non-union man, from working for any employer who sought his services. Plaintiff's right to seek and gain employment in his lawful occupation was a right secured to him by the constitution of this state. *Brennan* v. *United Hatters,* 44 *Vroom* 729. The brotherhood had no right to interfere with him in his em-

ployment merely because he was not a member, nor for any other cause that appears, and the fact of non-interference cannot be construed as "protection" extended by the brotherhood to him. It was not, in a legal sense, a benefit to him.

But even had there been such protection, the payments were not to be forfeited to the brotherhood unless there were either (a) false statements or (b) inability to qualify as a member.

With respect to false statements, the application for membership, as well as section 19 of the constitution, provides that if any of the answers or information given in response to the questions in the application are false, the moneys paid are to be forfeited. It is not suggested that there was any falsity, unless it be in the following question and answer contained in the application, viz.:

"*Q.* Are you able to command the average wages in this locality?

"*A.* Yes."

This, of course, refers to the average wages of painters in the locality of Elizabeth, but there is nothing to show what such average wages were, nor to show that the plaintiff was unable to command them. There is evidence from which the trial judge would have been justified in finding that the plaintiff was not a skillful mixer of paints, but whether skill of this sort is necessary to command the average wages does not appear. There is no sufficient proof, therefore, that plaintiff's assertion that he was able to command the average wages was unfounded. But, again, the statement, fairly construed, does not amount to a representation with respect to an existing state of facts, except that it is equivalent to an assertion that he believed himself able to command the average wages. In order to forfeit his money because of this representation it was, we think, necessary to show that plaintiff did not reasonably believe that he was able to command the average wages. Of this there was no proof.

There remains (upon the theory that plaintiff was "receiving the protection of the brotherhood" while working at the trade pending his application) the question whether he was

"unable to qualify as a member" within the meaning of section 19 of the constitution. The qualifications for membership referred to are in section 20. Since it is clear that he was a painter, and therefore followed one of the branches of the trade as enumerated in the constitution, the only remaining qualification is that he must be competent to command the minimum wages established by the local union or district council. This, however, is subject to an exception, as provided in section 28, and there is nothing to show what this exception is, section 28 not being in evidence. Moreover, there is no evidence to show what were the minimum wages established by the local union or district council, nor whether the plaintiff was competent to command them.

It is clear, therefore, that upon the proof presented the plaintiff was entitled to recover from the local union the money in question, and the trial judge erred in holding otherwise. Whether the evidence showed any ground of recovery against Cosgrove is a question not discussed and not now decided.

The judgment should be reversed and a new trial awarded, costs to abide the event of the suit.